UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WAKE 10, LLC,

Case No.

Plaintiff,

vs.                                              **COMPLAINT**

McNaughton, Inc. and
Patrick McNaughton,                              **JURY TRIAL DEMANDED**

Defendants.

---

**COMPLAINT**

Plaintiff WAKE 10, LLC, by and through counsel, for its claims against Defendants McNaughton, Inc. and Patrick McNaughton, states and alleges as follows:

**NATURE OF THE ACTION**

1.     This is an unfair competition case, arising from Defendants' false and misleading statements about Plaintiff's competing products posted on Amazon.com.

2.     Plaintiff manufactures and sells wakesurfing products.

3.     McNaughton, Inc. sells competing wakesurfing products under the brand "Tidal Wake."

4.     Patrick McNaughton owns McNaughton, Inc.

5.     Since approximately July 2019, Mr. McNaughton has left false and misleading reviews, feedback, and comments of Plaintiff's products on its Amazon product listing and seller pages under the username "G Leak."

6.     In his reviews and negative comments, "G Leak" a/k/a Mr. McNaughton has

posed as a mere customer, concealing that he owns a brand selling a competing product, in violation of Amazon policy and federal and state law.

7.     "G Leak" a/k/a Mr. McNaughton has disparaged Plaintiff's products and recommended his company's own products on Plaintiff's Amazon product listing and seller pages, all while posing as an unbiased consumer.

8.     Mr. McNaughton has taken steps to ensure that his false and misleading reviews and comments are prominently displayed to potential customers.

9.     Mr. McNaughton's false and misleading statements have caused substantial harm to Plaintiff, which has lost customers, potential customers, and sales due to Defendants' conduct. Plaintiff's brand and reputation has also been significantly damaged.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this case under 28 U.S.C. § 1331 and 15 U.S.C. §1121(a) since Plaintiff brings claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11.     In the alternative, this Court has supplemental jurisdiction over this case under 28 U.S.C. § 1367(a).

12.     Venue is proper in this District under 28 U.S.C § 1391(b)(3) since Defendants are subject to general personal jurisdiction here. Specifically, Defendants are domiciled in Minnesota.

## PARTIES

13.     Plaintiff WAKE 10, LLC is a Kansas limited liability company that manufactures and sells wakesurfing equipment and marine products. WAKE 10's sole

member, Casey Heim, is a citizen of the State of Kansas.

14.     Defendant McNaughton, Inc. is a Minnesota corporation with its principal place of business in Plymouth, Minnesota. McNaughton, Inc. sells competing wakesurfing equipment and marine products under the "Tidal Wake" brand. McNaughton, Inc. can be served at its registered office address at 10700 Highway 55 #260, Plymouth, MN 55441.

15.     Defendant Patrick McNaughton is the President and Chief Executive Officer of McNaughton, Inc. He can also be served at 10700 Highway 55 #260, Plymouth, MN 55441.

16.     At all times relevant to this action, Mr. McNaughton was acting for the benefit of McNaughton, Inc., and McNaughton, Inc. was aware of and authorized Mr. McNaughton's actions.

## FACTUAL BACKGROUND

17.     Wakesurfing is a water sport in which a person trails behind a boat on a surfboard, riding the boat's wake, without being pulled directly by the boat.

18.     Wake surfing requires the boat to produce a large wake, and riders often attach specialized equipment to the back of the boat to increase the size of the wake.

19.     Plaintiff manufactures and sells such equipment, including the "Wakesurf Creator" and the "Boat Ballast Bag."

20.     Plaintiff was founded in July 2018 by Mr. Heim in Hoxie, Kansas.

21.     Plaintiff sells its products primarily through Amazon.com.

22.     When customers buy products on Amazon, they can leave "Product Reviews" of the products that can be seen by other potential purchasers. Product Reviews

refer to the customers' experience with the products they purchased. Product Reviews range from 1-star on the low end to 5-stars on the high end.

23.    Product Reviews are critically important for the success of a product and seller. If a product/seller has more 5-star reviews than competitors, that product/seller will generally appear higher in search results and give potential customers confidence in their purchase. In addition, unfavorable reviews may scare off potential customers or cause them to purchase a competitor's product.

24.    On July 30, 2019, Plaintiff received a 1-star negative review from an Amazon user with the username "G Leak" on its WAKE 10 Wakesurf Creator product. Upon information and belief, and as will be explained below, the user "G Leak" is Mr. McNaughton, owner of McNaughton, Inc., and Plaintiff's competitor Tidal Wake.

25.    In making reviews using the pseudonym "G Leak," Mr. McNaughton was also acting on behalf of his company, McNaughton, Inc., who he intended to benefit from decreased sales of Plaintiff and advertising of McNaughton, Inc.'s products on Plaintiff's product pages.

26.    The review from "G Leak" a/k/a Mr. McNaughton (pictured below) stated: Plaintiff's product "fell off the boat many times, suction does not work very well. It is very heavy it even broke the tether that came with it. Literally it bent the hook to attach to your boat. For the short time it stuck to the boat, the wake improved some, not great. I have used other friends wake devices that work well, so I was tempted by this low price unit but don't fall for the low price it just does not work."



27.     These statements are false and misleading. "G Leak" a/k/a Mr. McNaughton holds himself out as mere customer, not a competitor to Plaintiff. He also represents that the product is defective, which is false.

28.     Within a few days, the false and misleading July 30, 2019, review received three "Helpful" votes, which placed it as the second review that potential customers would see when they scrolled to read product reviews. Upon information and belief, these "Helpful" votes were made by Defendants and/or those affiliated with Defendants.

29.     The "Helpful" votes had a substantially negative effect on Plaintiff's product ranking and review score because the product had been on sale for just one month, it occurred in the peak selling season for the product, and the listing had few other reviews due to the newness of the product. These factors meant that the false and misleading review by "G Leak" a/k/a Mr. McNaughton was prominently displayed to potential customers.

30.     Following the July 30, 2019 1-star negative review, user "G Leak" a/k/a Mr. McNaughton continued making false or misleading statements on Plaintiff's Amazon page. In particular, he responded to many customer questions about Plaintiff's WAKE 10 Wakesurf Creator product by leaving answers portraying the product negatively. These responses were false and misleading and again concealed that he was a competitor of

Plaintiff's. In some of the responses, "G Leak" a/k/a Mr. McNaughton actively promoted his own Tidal Wake products.

31.     In one response to a customer question on June 24, 2020, "G Leak" a/k/a Mr. McNaughton wrote that the WAKE 10 product "fell off my boat all the time" so he "got rid of Wake 10 and purchased the TidalWakeXLR8 and love it!" A screenshot of that response – which is still visible on Plaintiff's Amazon page – is included below.



32.     The statements in this response are false and misleading. Again, "G Leak" a/k/a Mr. McNaughton holds himself out as mere customer, not a competitor to Plaintiff. He also represents that the product is defective, which it is not.

33.     In response to another customer question on July 9, 2020, "G Leak" a/k/a Mr. McNaughton wrote that the WAKE 10 Wakesurf Creator product "is not a very good wake shaper. It kept falling off my boat, did not make the great wake I hope for (it is heavy maybe 5-6 lbs). I tired (*sic*) on various friends boats and had the same experience. I got rid of it and purchased the Tidal Wake XLR8 on Amazon and love it." A screenshot of that response – which is still visible on Plaintiff's Amazon page – is included below.



34.     Once again, the statements in this response are false and misleading. "G Leak" a/k/a Mr. McNaughton holds himself out as mere customer, not a competitor to Plaintiff. He also represents that the product is defective, which it is not.

35.     "G Leak" a/k/a Mr. McNaughton has left several other negative responses to customer questions containing false and misleading information that still are visible on Plaintiff's Amazon page as of the filing of this Complaint.

36.     On July 20, 2020, Plaintiff launched a new product, called the WAKE 10 Boat Ballast Bag.

37.     On August 19, 2020, "G Leak" a/k/a Mr. McNaughton again submitted a negative review of Plaintiff's new product. The review stated that the "Item leaked, very hard to fill with water in the small zipper opening…I will return. My boats carpets got soaked." A screenshot of that review is included below.



38.    The statements in this review are once again false and misleading. "G Leak" a/k/a Mr. McNaughton holds himself out as mere customer, not a competitor to Plaintiff. He also represents that the product is defective, which it is not.

39.    Unlike his July 30, 2019 review, however, "G Leak" a/k/a Mr. McNaughton left his August 19, 2020 review as "Seller Feedback," instead of posting it in the "Product Review" section. "Seller Feedback" refers to the customer's purchasing experience with the seller.

40.    Unlike with a Product Review, when a user leaves Seller Feedback, the seller is able to view details about the customer who left the feedback. Specifically, the seller can view the "Order ID" of the purchase.



41.    The Order ID connects the Seller Feedback username to details about

products that the customer bought from the seller, including the date of sale; the buyer name; and the address to which orders were shipped.



42.     These details from this Seller Feedback show that "G Leak" is Mr. McNaughton – the owner of McNaughton, Inc. and Tidal Wake – and that both products he bought from Plaintiff under the "G Leak" alias were shipped to 10700 Highway 55 #260, Plymouth, MN 55441 – McNaughton, Inc.'s and Tidal Wake's address.



| amazon-order-id | buyer-name | product-name | quantity-shipped | recipient-name | ship-address-1 | ship-city | ship-state | ship-postal-code | ship-country |
|---|---|---|---|---|---|---|---|---|---|
| 113-2889164-2022658 | patrick mcnaughton | WAKE 10 Boat Ballast Bag | 1 | Patrick J McNaughton | 10700 Highway 55 #260 | Plymouth | MN | 55441-6136 | US |

43.     Amazon prohibits sellers from leaving negative reviews, ratings, and feedback on competitor pages and posing as a customer. After discovering "G Leak" was Mr. McNaughton, a direct competitor, Plaintiff issued a complaint to Amazon, and the August 19, 2020 seller feedback was removed.

44.     However, on September 29, 2020, after the feedback had been removed, "G

Leak" a/k/a Mr. McNaughton purchased another WAKE 10 Boat Ballast Bag.

45.    Had "G Leak" a/k/a Mr. McNaughton truly believed – as he claimed in his false August 19, 2020 feedback – that the WAKE 10 Boat Ballast Bag was defective, he would not have purchased another one. Upon information and belief, the purpose of this second purchase was to again falsely hold himself out as a mere customer to post false and misleading reviews of Plaintiff's products after his original review was removed by Amazon.

46.    Upon information and belief, "G Leak" a/k/a Mr. McNaughton has falsely held itself out as a mere customer and left numerous negative reviews on Amazon pages of competitor-sellers of other products McNaughton, Inc. manufactures.

47.    At all times in publishing these reviews, Mr. McNaughton was acting on behalf of and for the benefit of McNaughton, Inc., which is where Plaintiff's products were shipped.

## **CLAIMS**

### **COUNT I – LANHAM ACT VIOLATION- FALSE ASSOCIATION**
### **15 U.S.C. 1125(a)(1)(A)- All Defendants**

48.    Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges same.

49.    The Lanham Act, 15 U.S.C. § 1125(a), entitled "False designation of origin, false descriptions, and dilution forbidden," provides in pertinent part:

    a.  Civil action

    (1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name,

symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A)   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

50.   Defendants intentionally used and/or continue to use in commerce false designations of origin and/or misleading descriptions and misrepresentations of fact on Plaintiff's Amazon product listing and seller pages, which misrepresented, and were likely to cause and/or did cause confusion and mistake, regarding Plaintiff's product and Tidal Wake's products.

51.   Defendant McNaughton acted on behalf of and for the benefit of Defendant McNaughton, Inc.

52.   Defendants' false or misleading representations, statements, and commentary have included:

a.   That Mr. McNaughton is a mere customer, not a direct competitor of Plaintiff;

b.   That Plaintiff's products were defective;

c.   That WAKE 10 Wakesurf Creator product does not work, fails to adhere to the boat, and causes damage to users' boats;

d.   That the Tidal Wake XLR8 is superior to Plaintiff's Wakesurf Creator product; and

11

e.  That Plaintiff's WAKE 10 Boat Ballast Bag is defective and leaked.

53.     Defendants' reviews and comments misrepresented, and deceived and/or continue to deceive, customers and potential customers of Plaintiff's products as to the identity, association, and affiliation of the person making the representations and the quality of Plaintiff's products.

54.     Defendants had an economic motivation for making these statements, as they were incentivized to reduce demand for their competitor's products.

55.     Defendants' statements were likely to influence purchasing decisions by potential customers of Plaintiff's products, as potential customers would view Defendants' statements as those of a dissatisfied customer, not those of a competitor.

56.     Defendants' statements were widely distributed, which is, at least, sufficient to constitute promotion within the wakesurfing industry.

57.     Thus, Defendants' misleading representations and statements are and/or were material.

58.     Defendants engaged in unfair competition by misrepresenting, and deceiving and/or continuing to deceive, customers and potential customers of Plaintiff's products as to the identity, association, and affiliation of the person making the representations, as well as the quality of Plaintiff's products.

59.     Defendants' intentional and material misrepresentations caused injury to Plaintiff, which lost customers and prospective customers, and sales of its products were negatively impacted.

60.     Defendants' acts constitute the use of false descriptions and false

representations in interstate commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A) and entitle Plaintiff to recover defendant's profits, actual damages sustained by Plaintiff, the costs of this action, and, because this case is exceptional, reasonable attorneys' fees. Additionally, the circumstances of the case demand that the court enter judgment for a sum above the amount of actual damages, not to exceed three times the amount of actual damages. 15 U.S.C. 1117(a).

WHEREFORE, Plaintiff asks the Court for judgment against Defendants for disgorgement of Defendants' profits, actual damages in a fair and reasonable amount, and treble damages, together with interest, for reasonable attorneys' fees, for their costs and expenses, and for such other relief as the Court deems just and proper.

### COUNT II- LANHAM ACT VIOLATION- FALSE ADVERTISING
### 15 U.S.C. 1125(a)(1)(B)- All Defendants

61.     Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges same.

62.     The Lanham Act, 15 U.S.C. § 1125(a), entitled "False designation of origin, false descriptions, and dilution forbidden," provides in pertinent part:

b.  Civil action

(1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(B)     in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

63.     Defendants intentionally used and/or continue to use in commerce false designations of origin and/or misleading descriptions and misrepresentations of fact on Plaintiff's Amazon product listing and seller pages, which misrepresented, and were likely to cause and/or did cause confusion and mistake, regarding Plaintiff's product and Tidal Wake's products.

64.     Defendant McNaughton acted on behalf of and for the benefit of Defendant McNaughton, Inc.

65.     Defendants' false or misleading representations, statements, and commentary have included:

   a.   That Mr. McNaughton is a mere customer, not a direct competitor of Plaintiff;

   b.   That Plaintiff's products were defective;

   c.   That WAKE 10 Wakesurf Creator product does not work, fails to adhere to the boat, and causes damage to users' boats;

   d.   That the Tidal Wake XLR8 is superior to Plaintiff's Wakesurf Creator product; and

   e.   That Plaintiff's WAKE 10 Boat Ballast Bag is defective and leaked.

66.     Defendants' representations misrepresented, and deceived and/or continue to deceive, customers and potential customers of Plaintiff's products as to the identity, association, and affiliation of the person making the representations, as well as the quality

of Plaintiff's products.

67.     These representations about Plaintiff's products and Defendants' products were false statements of fact.

68.     Defendants had an economic motivation for making these statements, as they were incentivized to reduce demand for their competitor's products.

69.     Defendants' statements were likely to influence, and did influence, purchasing decisions by potential customers of Plaintiff's products, as potential customers would view Defendants' statements as those of a dissatisfied customer, not those of a competitor.

70.     Defendants' statements were likely to deceive, and did deceive, potential customers of Plaintiff's products, as potential customers would view Defendants' statements as those of a dissatisfied customer, not those of a competitor.

71.     Defendants' statements were widely distributed, which is, at least, sufficient to constitute promotion within the wakesurfing industry, and thus entered interstate commerce.

72.     Defendants' misleading representations and statements are and/or were material.

73.     Defendants' intentional material misrepresentations caused injury to Plaintiff, as Plaintiff lost customers and prospective customers and had the sales of its products negatively impacted.

74.     Defendants' acts constitute the use of false descriptions and false representations in interstate commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C.

1125(a)(1)(B) and entitle Plaintiff to recover Defendants' profits, actual damages sustained by Plaintiff, the costs of this action, and, because this case is exceptional, reasonable attorneys' fees. Additionally, the circumstances of the case demand that the court enter judgment for a sum above the amount of actual damages, not to exceed three times the amount of actual damages. 15 U.S.C. 1117(a).

WHEREFORE, Plaintiff asks the Court for judgment against Defendants for disgorgement of Defendant's profits, actual damages in a fair and reasonable amount, and treble damages, together with interest, for reasonable attorneys' fees, for their costs and expenses, and for such other relief as the Court deems just and proper.

## COUNT III – FRAUD
### All Defendants

75.     Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges same.

76.     Defendant McNaughton, on behalf of McNaughton, Inc., used and/or continue to use in commerce false statements of fact on Plaintiff's Amazon product listing and seller pages, which misrepresented, and were likely to cause and/or did cause confusion and mistake, regarding Plaintiff's product and Tidal Wake's products.

77.     Defendants' false statements have included:

    a.  That Mr. McNaughton is a mere customer, not a direct competitor of Plaintiff;

    b.  That Plaintiff's products were defective;

    c.  That WAKE 10 Wakesurf Creator product does not work, fails to adhere

to the boat, and causes damage to users' boats;

d. That the Tidal Wake XLR8 is superior to Plaintiff's Wakesurf Creator product; and

e. That Plaintiff's WAKE 10 Boat Ballast Bag is defective and leaked.

78. Defendants knew these statements to be untrue at the time they were made.

79. These false statements involved purported facts that were material and related to past or existing facts.

80. These statements were made by Defendants on July 30, 2019, August 23, 2019, June 13, 2020, July 9, 2020, August 8, 2020, and August 19, 2020 and were made electronically via Amazon.

81. Defendants made these statements with the intent to deceive and/or with reckless disregard for the truth.

82. Defendants made these statements with the intent to induce customers not to purchase Plaintiff's products and to instead purchase Defendants' products.

83. Defendants made these statements with the intent of benefitting from customers purchasing Defendants' products and avoiding Plaintiff's products.

84. Defendants made these statements with the intent of benefitting financially, and fact, did benefit financially.

85. Upon information and belief, customers and potential customers relied on these false statements.

86. Defendants' fraudulent behavior caused injury to Plaintiff, as Plaintiff lost customers and prospective customers and had the sales of its products negatively impacted.

87.     Defendants' actions were willful and intentional and/or done in reckless disregard of the right of Plaintiff and entitles Plaintiff to punitive damages in an amount sufficient to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff asks the Court for judgment against Defendants for actual damages in a fair and reasonable amount, together with interest, for punitive damages in an amount sufficient to deter them and others from like conduct in the future, for their costs and expenses, and for such other relief as the Court deems just and proper.

## COUNT IV- DEFAMATION
### All Defendants

88.     Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges same.

89.     Defendant McNaughton acted on behalf of and for the benefit of Defendant McNaughton, Inc.

90.     Defendants have published numerous false or misleading representations, statements, and commentary. These include:

  a.  That Mr. McNaughton is a mere customer, not a direct competitor of Plaintiff;

  b.  That Plaintiff's products were defective;

  c.  That WAKE 10 Wakesurf Creator product does not work, fails to adhere to the boat, and causes damage to users' boats;

  d.  That the Tidal Wake XLR8 is superior to Plaintiff's Wakesurf Creator product; and

18

e. That Plaintiff's WAKE 10 Boat Ballast Bag is defective and leaked.

91.    Defendants were aware that these statements were false and made them with malicious intent.

92.    These statements were publicly communicated to third parties, which included all potential customers and anyone who looked at Plaintiff's products on Amazon.

93.    These defamatory statements damaged Plaintiffs' reputation, lowered Plaintiff's reputation in the estimation of the community, and caused injury to Plaintiff, as Plaintiff lost customers and prospective customers and had the sales of its products negatively impacted.

94.    Defendants' actions were willful and intentional and/or done in reckless disregard of the right of Plaintiff and entitles Plaintiff to punitive damages in an amount sufficient to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff asks the Court for judgment against Defendants for actual damages in a fair and reasonable amount, together with interest, for punitive damages in an amount sufficient to deter them and others from like conduct in the future, for their costs and expenses, and for such other relief as the Court deems just and proper.

## COUNT V- TORTIOUS INTERFERENCE WITH
## A PROSPECTIVE BUSINESS ADVANTAGE
### All Defendants

95.    Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges same.

96.    Plaintiff had business relationships with its customers and had a reasonable expectancy of future economic benefits with customers, both new and established.

97.    Defendants, as Plaintiff's direct competitor, were aware of Plaintiff's existing relationships and reasonable expectancies.

98.    Defendant McNaughton acted on behalf of and for the benefit of Defendant McNaughton, Inc.

99.    Defendants caused existing customers and prospective customers of Plaintiff to terminate their relationships and/or expectancies with Plaintiff.

100.    Except for the conduct of Defendants, Plaintiff was reasonably certain to have continued these existing and prospective relationships and realized these expectancies.

101.    Defendants' conduct was intentional, as they had incentive to reduce demand for their competitor's products.

102.    Defendants' intentional interference was independently tortious, as it independently meets the elements of fraud and defamation. Defendants' intentional interference was also in violation of the Lanham Act and the Minnesota False Statements in Advertising Act.

103.    Defendants had no justification for their conduct.

104.    Defendants' tortious interference with Plaintiff's business relationships and expectancies caused injury to Plaintiff, as Plaintiff lost customers and prospective customers and had the sales of its products negatively impacted.

105.    Defendants' actions were willful and intentional and/or done in reckless disregard of the right of Plaintiff and entitles Plaintiff to punitive damages in an amount sufficient to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff asks the Court for judgment against Defendants for actual damages in a fair and reasonable amount, together with interest, for punitive damages in an amount sufficient to deter them and others from like conduct in the future, for their costs and expenses, and for such other relief as the Court deems just and proper.

## COUNT VI- VIOLATION OF MINNESOTA FALSE STATEMENT IN ADVERTISING ACT, MINN. STAT. § 325F.67
### All Defendants

106.   Defendant Patrick McNaughton is a person under as defined by the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67.

107.   Defendant McNaughton, Inc. is a corporation as defined by the Minnesota False Statement in Advertising Act.

108.   Plaintiff is a person as defined by Minn. Stat. 8.31, Subd. 3a., Private remedies, and has standing to bring this action under the same.

109.   Defendants have repeatedly violated Minnesota Statutes, § 325F.67, by directly or indirectly making, publishing, disseminating, circulating, and placing before the public, advertisements which contained material assertions, representations, or statements of fact that are untrue, deceptive, or misleading.

110.   Defendants repeatedly advertised on Plaintiff's Amazon product page that Defendants were dissatisfied customers, not competitors, of Plaintiff. This was untrue, deceptive, and misleading.

111.   Defendants have further advertised the following on Plaintiff's Amazon product page that is untrue, deceptive, and misleading:

    a.   That Plaintiff's products were defective;

    b.   That WAKE 10 Wakesurf Creator product does not work, fails to adhere to the boat, and causes damage to users' boats;

    c.   That the Tidal Wake XLR8 is superior to Plaintiff's Wakesurf Creator product; and

    d.   That Plaintiff's WAKE 10 Boat Ballast Bag is defective and leaked.

112.   All of Defendants' misrepresentations were material.

113.   Both Plaintiff's and Defendants products are offered to the public for use, consumption, purchase, or sale.

114.   In committing the acts alleged herein, Defendants engaged in outrageous and egregious wrongdoing and displayed a willful disregard for the rights of Plaintiff. Defendants' conduct justifies an award of punitive damages in an amount sufficient to punish them for the conscious and deliberate disregard of the interests of others and deter them from engaging in similar conduct in the future.

115.   Plaintiff seeks all monetary and non-monetary relief allowed by law, including damages, punitive damages, restitution, or other equitable relief, injunctive relief under Minn. Stat. § 8.31, and reasonable attorneys' fees and costs under Minn. Stat. § 8.31.

WHEREFORE, Plaintiff asks the Court for judgment against Defendants for actual damages in a fair and reasonable amount, together with interest, for punitive damages in an amount sufficient to deter them and others from like conduct in the future, for injunctive relief, for reasonable attorneys' fees, for their costs and expenses, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable herein.

Dated: May 12, 2022                                        Respectfully submitted,

|  | NEWMARK STORMS DWORAK LLC<br>By: _/s/ Jeffrey S. Storms_<br>Jeffrey S. Storms (0387240)<br>150 S. 5th St., Suite 1850<br>Minneapolis, MN 55402<br>Telephone: (612) 455-7055<br>Facsimile: (612) 455-7051<br>jeff@newmarkstorms.com<br><br>MCINNES LAW LLC<br>By: _/s/ Jack D. McInnes__<br>Jack D. McInnes (*pro hac vice* forthcoming)<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 273-1671<br>jack@mcinnes-law.com<br><br>ATTORNEYS FOR PLAINTIFF |