UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WAKE 10, LLC,                                    Case No. 22-CV-1298 (PJS/ECW)

                    Plaintiff,

v.                                                              ORDER

McNAUGHTON, INC. AND PATRICK
McNAUGHTON,

                    Defendants.

---

Jack D. McInnes, MCINNES LAW LLC, for plaintiff.

Nicholas Miller, FREDRICKSON & BYRON, P.A., for defendants.

This matter is before the Court on the motion of defendants McNaughton, Inc.

("the Company") and Patrick McNaughton ("McNaughton") to dismiss all but one of

the claims brought by plaintiff Wake 10, LLC ("Wake 10").  The Court held a hearing on

the motion on February 17, 2023.

The Court assumes familiarity with the facts.  Basically, Wake 10 and the

Company are competitors who both offer products to wakesurfers.  Wake 10 alleges

that McNaughton posted false and disparaging comments about Wake 10's products on

Amazon.com.  According to Wake 10, McNaughton portrayed himself as an ordinary

consumer (failing to disclose that he was a competitor) and made false statements about

the quality and performance of the products.

Turning to defendants' motion to dismiss:

First, defendants move to dismiss all claims against the Company, arguing that Wake 10 has not sufficiently alleged a basis for holding the Company liable for the acts of McNaughton.  The Court disagrees.  The complaint alleges that McNaughton is the owner, president, and CEO of the Company (which is named after McNaughton). Compl. ¶ 25.  Moreover, the wrongful acts alleged in the complaint involve the disparagement of the products of a competitor of the Company—conduct that benefits the Company, but does not directly benefit McNaughton.  Those allegations provide a plausible basis for holding the Company liable for the acts of McNaughton.

Second, defendants move to dismiss Count I of the complaint, which asserts a claim for false association under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  As Wake 10 conceded at oral argument, the complaint does not plausibly allege (indeed, does not allege at all) that defendants' actions would create confusion as to the origin of Wake 10's goods.  Count I is therefore dismissed.

Third, defendants move to dismiss Count III, which asserts a fraud claim—explicitly under the common law and implicitly (the parties appear to agree) under Minnesota's Prevention of Consumer Fraud Act ("MCFA").  Although the question is close, the Court will not dismiss the fraud claims at this time.

Taking the allegations in the complaint as true, defendants' conduct fits squarely within the language of the MCFA, which prohibits "[t]he act, use, or employment by *any* person of *any* fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of *any* merchandise."  Minn. Stat. § 325F.69 subd. 1 (emphasis added). Defendants argue that Wake 10 is not a consumer to whom the protections of  § 325F.69 were meant to apply, but the precedent they cite does not compel the conclusion that only consumers can sue under the statute.  *See Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 887 (8th Cir. 2000) (determining in context of merchant-to-merchant transaction under the Uniform Commercial Code that Minnesota consumer protection statutes would not apply, and relying on overturned Minnesota Court of Appeals precedent for proposition that § 325F.69 "does not protect merchants") (citing *Ly v. Nystrom*, 602 N.W.2d 644, 647 (Minn. Ct. App. 1999), *rev'd* 615 N.W.2d 302, 310 (Minn. 2000)).  The Court does not doubt that the Minnesota Legislature had individual consumers in mind when it enacted the MCFA, but the task of this Court is to enforce the terms of the statute, not the unexpressed intent of the Legislature.  Defendants' alleged conduct falls within the literal terms of the statute, and applying the statute literally to hold a merchant liable for falsely disparaging the products of a competitor does not produce an absurd result.

Wake 10's common-law fraud theory is admittedly a stretch, as it seems clear that McNaughton's intent was to mislead *consumers*, not to mislead *Wake 10*. But although the common law is clear that a false statement must be made with the intent to *induce reliance*, the Minnesota Supreme Court has not been clear about whether a false statement must be made with the intent to induce reliance *by the plaintiff*. *Compare Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W. 2d 359, 368 (Minn. 2009) (requiring that the allegedly fraudulent statement be made "with the intention to induce [plaintiff] to act in reliance thereon") *with U.S. Bank, N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 373 (Minn. 2011) (requiring that the allegedly fraudulent representation be made "with the intention to induce action in reliance thereon," but not specifying *whose* action). Because Wake 10 has alleged (albeit somewhat implausibly) that defendants made the disparaging statements at least in part to induce *Wake 10* to rely on them, and because leaving the common-law fraud claim in this case will not in any way affect the scope of discovery, the Court opts not to dismiss the common-law fraud claim at this time.

Fourth, defendants move to dismiss Count IV, which asserts a defamation claim. The Court grants the motion because, as explained at the hearing, the allegedly defamatory comments made by defendants disparaged Wake 10's products, but not Wake 10 itself. *See Nat'l Broom Co. v. Target Corp.*, No. 12–1201 (RHK/TNL), 2012 WL

4856295, at *5 (D. Minn. Oct. 12, 2012) (finding that statement disparaged plaintiff's "product, not its business, and thus cannot support a business-defamation claim").

Fifth, defendants move to dismiss Count V, which asserts a claim for tortious interference with prospective business advantage. The Court grants this motion because the complaint fails to identify a specific customer or other business relationship that Wake 10 lost as a result of defendants' conduct. *See, e.g., Gieseke ex rel. Diversified Water Diversion, Inc. v. IDCA, Inc.*, 844 N.W.2d 210, 221 (Minn. 2014) ("[T]o prove the defendant tortiously interfered with plaintiff's prospective economic advantage, a plaintiff must specifically identify a third party with whom the plaintiff had a reasonable probability of a future economic relationship."); *Int'l Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405 (8th Cir. 1993) ("[T]he mere general loss of possible unspecified customers does not establish the tort of intentional interference with prospective economic relations under Minnesota law.").

Finally, defendants move to dismiss Count VI, which asserts a claim for false statement in advertising under Minn. Stat. § 325F.67. The Court denies the motion because Wake 10 has sufficiently alleged that defendants created an advertisement containing a materially misleading statement and that Wake 10 was injured by it. Once again, defendants' alleged conduct falls within the literal terms of the statute.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendants' motion to dismiss [ECF No. 23] is

GRANTED IN PART and DENIED IN PART as follows:

1.      Counts I, IV, and V of the amended complaint [ECF No. 21] are

DISMISSED WITHOUT PREJUDICE.

2       The motion is DENIED in all other respects.

Dated:  February 27, 2023               s/Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court

-6-